■ BRITISH AMERICAN DEVELOPMENT CORPORATION et al., Appellants, v FAY'S DRUG COMPANY INC., Respondent.—Casey, J. Appeal from an order and judgment of the Supreme Court (Leaman, J.), entered January 24, 1991 in Albany County, upon a decision of the court in favor of defendant.

At issue on this appeal is whether Supreme Court erred in its interpretation of the term "gross leasable area" contained in the parties' lease agreement, which was executed before plaintiff constructed a shopping center in the City of Watervliet, Albany County. According to the lease, plaintiff was required to construct the premises in accordance with plans submitted by defendant and annexed to the lease. The plans called for the construction of a 628-square-foot mezzanine, or upper level, in one corner of the demised premises, to contain a lunch room, bathrooms and an office. It is undisputed that the total "footprint" of the demised premises is 13,020 square feet and the total area of the main floor plus the mezzanine is 13,648 square feet.

The annual rent and certain other expenses are calculated on the basis of "gross leasable area", which is defined in the lease as "measured from the outside face of the front and rear exterior walls and the midpoint of the common walls on either side of the Demised Premises". The product of these two measurements is 13,020 square feet, which is very close to the 13,029 square feet referred to at the beginning of the lease as the approximate size of the demised premises. In the absence of any reference to the measurements of the mezzanine in the definition of "gross leasable area", we are of the view that the lease term should be construed as not including the area of the mezzanine. Plaintiff relies upon extrinsic evidence that the term "gross leasable area" has a specific meaning in the industry, and according to local use and custom it includes the mezzanine area. Extrinsic evidence, however, cannot be used

to create an ambiguity *(W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 163). We are of the view that the parties' intent as to the meaning of the term "gross leasable area" can be determined from the agreement itself *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, *affd* 78 NY2d 944) and that the construction urged by defendant is the proper one. Supreme Court's order and judgment, therefore, should be affirmed.

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the order and judgment is affirmed, with costs.