■ Joel L. Chinman et al., Appellants, v Friesch-Groningsche Hypotheekbank Realty Credit Corp., Respondent. [621 NYS2d 895] —In an action, *inter alia,* to recover money damages for the breach of a "Cash Collateral Security Agreement", the plaintiffs appeal from (1) an order of the Supreme Court, Nassau County (Murphy, J.), entered December 3, 1992, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered January 13, 1993, upon the order, which is in favor of the defendant.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

We agree with the Supreme Court that, when read as a whole, the "Cash Collateral Security Agreement" clearly and unambiguously permitted the defendant to retain the cash collateral deposit at the time demand for its payment was made by the plaintiff Lion Equities *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 78 NY2d 944; *W.W.W. Assocs. v Giancontieri,* 77 NY2d 157, 162-163). Under such circumstances, the court properly granted the defendant's motion for summary judgment dismissing the complaint *(see also, British Am. Dev. Corp. v Fay's Drug Co.,* 178 AD2d 801). Miller, J. P., Joy, Krausman and Goldstein, JJ., concur.